EDWARD R. MASON et al. v. CITY OF DES MOINES et al., Appellants.

**Paving Assessments: FRAUD:** *Rights of tax payer.* Fraud of a contractor in not using in the construction of a curbing the amount of cement required by the contract, so that a portion of the curbing is inferior to that agreed to be built, combined with the failure of the proper authorities to discover such defect and insist on its being remedied, vitiates the acceptance of such portion, and renders void the assessment of property abutting thereon, though the authorities were not guilty of actual fraud; and an injured tax payer may maintain an action to set aside the special assessment for the cost of the improvement.

**Appeal: SHORTHAND REPORT:** *Documentary evidence.* A certificate of a judge to the report of evidence is not insufficient for failure to identify documentary evidence introduced, if it states that the foregoing report and the documentary evidence therein referred to contains all the evidence introduced, and the exhibits are properly described and identified in the report, although they were not marked "*filed.*"

**NOTICE ON CO-PARTIES.** An appeal from a decree setting aside a special assessment for street improvements at the suit of owners of two abutting lots, will not be dismissed for failure to serve notice thereof on one of them, if the lots were entirely distinct and separately assessed.

**REVIEW:** *Pleading below.* In an action to set aside a special assessment, a claim that, as the improvement was not worthless, an allowance should be made for its value, cannot be considered on appeal when not presented by the pleadings or on the trial.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY MAY 26, 1899.

ACTION in equity to set aside special assessments made on account of curbing, and for other relief. There was a

hearing on the merits, and a decree for the plaintiffs. The defendants appeal.—*Affirmed.*

*W. G. Harvison, J. K. Macomber* and *J. Edward Mershon* for appellants.

*W. G. Clark* for appellees.

ROBINSON, C. J.—The city of Des Moines is a city of the first class, and the other defendants are the members of its board of public works, its mayor, clerk, and Fred Stehm & Son, contractors. In the year 1892 the city entered into a contract with Stehm & Son, by which the latter agreed to construct, of sand, gravel, and cement, a curbing on West Grand avenue. A curbing was constructed, which was accepted by the city as a fulfillment of the contract. A part of the curbing was made in front of tracts of land owned by the plaintiffs, Edward R. Mason and William Foster, and assessments for the curbing have been levied upon the tracts. The plaintiffs allege that the contractors failed to use the quantity and amount of cement required by the contract, and failed to mix the materials and construct the curbing as required by it, and that they fraudulently used an inferior quality of cement, and did not use a sufficient quantity of it, and that the curbing constructed was not that required by the contract, but was worthless; that the members of the board of public works, acting in collusion with the contractors, approved the curbing, and, with the city engineers, acting as a board of assessment, assessed against the property of Mason two hundred and eleven dollars and sixty-eight cents, and against the property of Foster a sum not shown, on account of the curbing, and that certificates of assessment are about to be issued by the mayor and clerk. The assessments are also alleged to be invalid on other grounds. The relief demanded is that the assessments be set aside, and that the mayor and clerk be restrained from issuing certificates on account of the assessments. The defendants deny the alleged fraud and

failure to comply with the contract. The district court found that the allegations of the petition as to fraud were sustained, and that the plaintiffs were entitled to the relief prayed, but also found that all the proceedings on the part of the city, excepting the fraud, were valid and binding. A decree was rendered granting the relief demanded.

I. The notice of appeal was not served on the plaintiff Foster, and a motion to dismiss the appeal for that reason is submitted. Mason and Foster own separate and distinct tracts of land, and neither is interested in any manner in that owned by the other. Each tract is assessed separately for the curbing in front of it. The plaintiffs were not, therefore, seeking to protect a joint interest, although the alleged fraud and illegality affected alike each assessment. It is said in support of the motion that it is within the rule of *Goodwin v. Hilliard,* 76 Iowa, 555. It was unquestioned in that case that the person not served was a necessary party to a trial in this court and that service of notice of appeal on him was necessary, but that is not true of Foster in this case. Service of notice on him was not required, to give this court jurisdiction of the case, so far as it affects Mason's separate interests, and we have the right to consider and determine those interests so far as they are involved in this appeal. See *Fisher v. Chaffee,* 96 Iowa, 15, and cases therein cited. The motion to dismiss the appeal is therefore overruled.

II. It is claimed that the evidence offered and that introduced on the trial in the district court was not made of record and preserved as required by law. The certificate of the judge appended to the shorthand reporter's notes of the trial is as follows: "I hereby certify that the foregoing is the official report of the above-entitled cause; that it contains, together with the documentary evidence therein referred to, all of the evidence that was offered or introduced on the trial of said case, and all of the objections made and exceptions taken; and the said

official report in shorthand is hereby made a part of the record in the above-entitled case." The objection made to the certificate is that it does not sufficiently identify the documentary evidence introduced. It is not shown that the shorthand reporter's notes failed to identify, by proper description and reference, the exhibits offered in evidence, and it is shown that they were marked as exhibits. The presumption is that they were properly identified. It is said that they were not filed in the cause, and by that we understand they were not marked "Filed." It was said in *Jamison v. Weaver,* 87 Iowa, 72, that it was not necessary that exhibits be attached to or incorporated in the shorthand reporter's notes or translation, nor that they be formally filed; that if they were sufficiently identified in the report or translation, which was duly certified by the judge, it was sufficient. So far as we are able to determine from the abstract of the appellees, the certification in this case is within the rule of the case last cited, and is sufficient. See, also, *Dietz v. Pipe Co.,* 103 Iowa, 542. We conclude that the case is before us for trial on its merits.

III. The evidence fails to sustain the averments of the petition to the effect that the contractors used an inferior quality of cement, or that there was collusion between them and the board of public works, or that any city official was guilty of any intentional wrong, or that the curbing is worthless. There is evidence to the effect that the proportion of cement required by the contract was not used, the most satisfactory evidence of that kind being the testimony of the person from whom the cement was procured that but four hundred fifty-five and one-half barrels were furnished. The total length of the curbing done was nine thousand four hundred and ninety-two lineal feet, and one barrel of cement to each fourteen feet was required to fulfill the contract, or six hundred and seventy-eight barrels of cement. There is also evidence which tends to show

that the layers of concrete were not properly tamped. The evidence for the defendants tends strongly to show that the curbing was constructed as required by the contract. The inspector for the city, who superintended the work, testified, in effect, that it was made in all respects as required by the contract. He is corroborated by the city engineer, by one of the contractors, and by several laborers who were employed in the work. But for the evidence in regard to the length of the curbing constructed under the contract, the number of barrels of cement required by the contract for its construction, and the number actually used, we should conclude that the plaintiffs had failed to show that the contract was not fully complied with on the part of the contractors; but that, with other evidence, satisfies us that the required quantity of cement was not used, and that in consequence the curbing where the quantity was insufficient is inferior to that required by the contract. The board of public works examined the curbing, and required that defects which were discovered be remedied before it was accepted. The board relied upon the supervision exercised by the inspector and engineer. Actual fraud on their part is not shown. It appears, however, that some portions of the curbing were properly constructed, while other portions were not, and that the part in front of Mason's property is of the latter kind. The case, in principle, is like that of *Carthan v. Lang,* 69 Iowa, 384. The contractors, in not using the proportion of cement required by the contract were guilty of a fraud upon the city and the property owners. The neglect on the part of the officers charged with the duty of requiring Stehm & Son to comply with the contract, and to discover any failure to do so, operated as a wrong, which, with the intentional wrong of the contractor, constituted such a fraud as to vitiate the acceptance of so much of the curbing as was materially defective. It may be conceded for the purposes of this case that, in the absence of fraud, the acceptance of the curbing on the part of the city by the officers

charged with that duty would have been final, notwithstanding defects, but the fraud established makes that rule inapplicable.

IV.  The appellants claim that, since the curbing was not worthless, an allowance for its value should be made; but we do not find that any question of that kind is presented by the pleadings, or was made in the district court.  We do not discover any grounds upon which the decree of that court shall be disturbed, and it is AFFIRMED.

## SUPPLEMENT.

[These cases, because of the pendency of petitions for rehearing, did not reach me in time to be published in their chronological order.—REPORTER.]