## BOARD OF COMMISSIONERS OF THE COUNTY OF JACKSON ET AL. *v.* BRANAMAN.

[No. 5,610. Filed February 20, 1906. Rehearing denied June 29, 1906. Transfer denied December 13, 1906.]

1. INJUNCTION.—*Boards of Commissioners.—County Funds.—Use of, in Gravel Road Cases.*—Injunction does not lie, on behalf of a county taxpayer, to prevent a board of commissioners from using county funds in defending an action against such board, brought by a gravel road contractor to compel payment upon his contract. Robinson, C. J., Roby and Myers, JJ., dissenting. p. 196.

2. BOARDS OF COMMISSIONERS.—*Capacity.—Actions.—Defenses.*—A board of commissioners, sued in its corporate capacity, can defend only in such capacity. p. 196.

3. SAME.—*Duty as to Suits Concerning Free Gravel Roads.*—It is the duty of boards of commissioners to defend, as the enforced agents of the taxpayers, all actions concerning the construction of free gravel roads. pp. 197, 198.

4. PLEADING. — *Complaint.—Injunction.—Free Gravel Roads.—Acceptance.—Statutes.*—A complaint by a county taxpayer to prevent the board of commissioners from using county funds in defense of an action against such board to recover the contract price of the construction of a free gravel road is bad, where it fails to allege that such board has accepted such road as completed, payment being unauthorized by §6928 Burns 1897, Acts 1895, p. 143, §3, unless such road has been so received. p. 197.

From Jackson Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by Abraham C. Branaman against the Board of Commissioners of the County of Jackson and another. From a decree for plaintiff, defendants appeal. *Reversed.*

*D. A. Kochenour,* for appellant.

*A. N. Munden,* for appellee.

WILEY, J.—Suit in equity to enjoin appellants from using public funds belonging to the county in the defense of an action pending against the board of commissioners in which appellee was the sole plaintiff and appellant board

the sole defendant. Appellee had brought an action against the Board of Commissioners of the County of Jackson on a written contract under which he undertook to construct certain free gravel roads in one of the townships of said county under an act approved March 3, 1893 (Acts 1893, p. 196), and the act amendatory thereof, approved March 7, 1895 (Acts 1895, p. 143, §6924 Burns Supp. 1897). By that action he sought to recover a balance claimed to be due him upon said contract. The cause was venued to the Lawrence Circuit Court, where it was put at issue, and assigned for trial. A temporary restraining order was issued in the cause at bar. A motion was subsequently made to dissolve it, and this motion was overruled. Upon final hearing the injunction was made perpetual. By the assignment of errors five questions are presented, but from the view of the law we have taken it is only necessary for us to consider the error predicated upon the action of the court in overruling the demurrer to the complaint.

The complaint avers that the appellee is a citizen of Jackson county, residing in Owen township, and that he is a taxpayer in said county; that in September, 1898, he entered into a contract with said board to construct certain free gravel roads in said township and county, for and in consideration of $15,690; that said board proceeded according to law to issue and sell bonds to the amount of $15,700, for the purpose of raising funds for the construction of said roads and the payment of said contract price; that said proceedings were had under acts 1893, *supra,* and the acts amendatory thereto; that, after having completed said roads according to the terms of his contract, he filed his claim before the board of commissioners for $5,377.53, that being the amount due him under his contract, which claim was wholly disallowed; that thereafter he filed his suit in the Jackson Circuit Court against said board to recover the sum of $7,000, the amount due him on said contract; that said

suit is now pending in the Lawrence Circuit Court, and is set for trial May 26, 1904; that said board is made a party defendant, as the enforced agent of said Owen township, and as the custodian of said bonds, and in no other capacity whatever; that said suit does not seek to recover a judgment against any fund or money belonging to said county, but seeks to recover judgment against said fund derived from the sale of bonds, as the money of said Owen township as a taxing district, and to have the same applied toward the payment of the costs of said roads. The complaint then concludes as follows: "That defendant board is about to expend, unlawfully, for lawyers' fees, mileage, and fees for witnesses in defending said suit, large sums of money belonging to Jackson county, and will so expend large sums of money of said county unless restrained from so doing without delay and before notice of the hearing of this application can be given as required by law, and plaintiff avers that defendant Asbury H. Manuel is the duly elected and acting auditor of said county. Wherefore plaintiff, as a taxpayer of said county, asks that an order be granted restraining defendant board from expending any of the money belonging to said Jackson county in defending said suit, until notice of the hearing of this application can be given, and that upon such hearing a temporary injunction be granted until the final hearing, and that upon the final hearing defendant board be perpetually enjoined from expending any of the money belonging to said Jackson county in defending said trust fund or said taxing district, and plaintiff asks all other proper relief." This suit was commenced May 18, 1904, being six days before the case then pending in the Lawrence Circuit Court was set for trial. The demurrer to the complaint was joint and several, and the ground thereof was that it did not state facts sufficient to constitute a cause of action.

The question raised by the demurrer is both anomalous and unique. That question, broadly stated, is: Can a board of county commissioners, in an action where it is the sole defendant, be enjoined from expending any of the public funds of the county in making their defense therein? The answer to this, both in law and reason, must be in the negative. Appellee chose his own forum, elected his own remedy, and selected his adversaries. He went into a court of law asking legal relief. He now comes into a court of equity and asks equitable relief to prevent his adversaries from using the public funds in making their defense. These two positions assumed by appellee are inconsistent, and cannot receive the approbation of the courts.

By virtue of the statute the board of commissioners of each county in the State is "a body corporate and politic," and as such and in such name "may prosecute and defend suits, and have all other duties, rights, and powers incident to corporations," etc. §7820 Burns 1901, §5735 R. S. 1881. In this case the board of commissioners is sued in its corporate capacity, and it could only defend and answer in the same capacity. *Vanarsdall v. State, ex rel.* (1879), 65 Ind. 176. Having been sued in its corporate capacity, the individual members thereof could not in their individual capacity make defense, nor should they be required to do so at their own expense. To hold that a board of county commissioners, when sued in its corporate capacity, could be enjoined from using the public funds in making its defense, would establish a precedent which would put the several boards of commissioners throughout the State at the mercy of unwarranted legal attacks upon them.

In an action of the character pending in the Lawrence Circuit Court, when this suit was commenced, involving

the rights of those whose lands were assessed for the
3. payment of the costs of the construction of the roads, it was a duty incumbent upon the board of commissioners to defend that action, as the enforced agent of such taxpayers, to the end that their rights might be protected.

Recurring to the complaint before us, we find it insufficient to warrant the relief asked. Appellee therein avers that he entered into a contract with the board for a
4. specified consideration, to complete the roads that had been petitioned for; that to raise funds for the payment of the contract price, bonds were sold; that he completed the work required of him by the contract; that payments were made to him from time to time as the work progressed; that there was still due him $7,000; that a suit was pending in the Lawrence Circuit Court against the board to recover a judgment against the fund derived from the sale of the bonds, and that in the defense of that action the board was about to expend unlawfully large sums of money in making a defense to said action. This is the sum and substance of the complaint. Section three of the amendatory act of 1895 (Acts 1895, p. 143, §6928 Burns Supp. 1897), provides the manner in which the board of commissioners shall order the fund realized from the sale of bonds paid upon the contract, in this, to wit: That the board shall order the same paid in such amounts and at such times as they may agree, but no payment shall be made by the commissioners for more than eighty per cent of the engineer's estimate of the work done by the contractor, nor shall the whole amount of the contract be paid until the road shall have been received by the board of commissioners as completed. The complaint goes only so far as to allege that "after having completed said roads, as required by the terms of said contract, plaintiff filed his claim against said board," etc. No attempt is made to aver that the board

had received the roads as completed, and this is absolutely essential to the contractor's right to receive final payment. While the board of commissioners acts as the enforced agent of the property owners within the taxing district, it is the duty of such board to act within the power and authority given it by statute. It is only when the board acts within its statutory power that its acts will be regarded as legal. Acting, therefore, within its statutory power as such enforced agent, it was obligatory upon the board to refuse to authorize a final payment to appellee upon his contract until the roads had been received as completed. And in this regard the failure of the complaint to allege such fact is fatal.

But the complaint is insufficient for another reason. The board of commissioners having been sued in its corporate capacity in the original action, it not only had a

3.    right, but it was its duty, to defend that action in the interest of those whose property was assessed for the construction of the roads, and thus protect their rights. Public officers are presumed to perform their duties according to law, and, this being true, we may reasonably assume that the board of commissioners believed that there existed a valid excuse for not paying to appellee the balance of the contract price upon his demand. This being true, when suit was brought it was the duty of the board to defend the action, if in fact there was any valid defense, and for that purpose it had the right to expend any available funds in the county treasury. Whether, subsequently the board would be authorized to levy an additional assessment against the taxable real estate within the taxing district to reimburse the county for any funds used out of the county treasury in making its defense, is not presented, and as to that we express no opinion.

The complaint now under consideration not having stated a cause of action, the demurrer to it should have

been sustained, and for the error in overruling it the judg- ment is reversed, the cause remanded, and the trial court directed to sustain the demurrer to the complaint.

## ON PETITION FOR REHEARING.

PER CURIAM.—The petition for a rehearing is overruled.

## DISSENTING OPINION.

ROBY, J.—This suit is brought by appellee as a tax-payer to enjoin the board of county commissioners from using public funds in defending an action theretofore brought against said board on a written contract made by it for the construction of certain free gravel roads in accordance with an act approved March 3, 1893 (Acts 1893, p. 196), and an act amendatory thereof, approved March 7, 1895 (Acts 1895, p. 143, §6924 Burns Supp. 1897).

It is averred that said board is made a party to said pending action as the enforced agent and custodian of certain funds derived from the sale of bonds, and in no other capacity; that no judgment is therein sought against said county or any fund belonging to said county, but the relief sought is solely against the fund derived from the sale of bonds for a taxing district, and to have the same applied upon the payment of the costs of improvements made therein. The indebtedness created by the construction of a road under said act is not the indebtedness of the county, and the county is not liable for the cost thereof, but it is the indebtedness of the persons assessed for its construction. *King* v. *Board, etc.* (1904), 34 Ind. App. 231. When the contract is performed by the completion of the road, the law enjoins the duty upon the board of commis-sioners of receiving the same and directing the auditor to issue the warrant upon which finally payment is made, and mandamus is a proper remedy to compel the performance of said duty. *King* v. *Board, etc., supra.* It irresistibly follows from these premises that the expense of defending

an action on a contract made in pursuance of said statute is not one which ought to be paid out of the general county fund, or for which the county is responsible. The expense thus incurred is a part of the cost of the proceeding and should be paid out of the special fund provided for the purpose of paying the cost of the improvement. It will not do to say that the county may subsequently reimburse itself by filing a claim against the special fund. Whether it may do so is immaterial, it not being, in the first instance, under any obligation to make the outlay.

Whatever confusion has arisen in this case is from the fact that the plaintiff who sues as a taxpayer is also the contractor, seeking in a different capacity and in another suit to enforce his contract, and from the further fact that the special agent against whom the action is brought is in another capacity the representative of the county. If the action was brought by a taxpayer who was in nowise connected with the contract, against a special agent, who was not a representative of the county, there would be no confusion as to rights and liabilities. The board, as the agent of the persons benefited by the improvement, has authority to direct the auditor to draw his warrant for the incidental expenses of constructing such road as well as to direct him to draw his warrant for the contract price, and there is therefore no question of preventing the board from defending the pending action or of restricting its available means of making such defense.

It follows that the petition for rehearing should be granted and the judgment affirmed.

Robinson, C. J., and Myers, J., concur.