## BOARD OF COMMISSIONERS OF THE COUNTY OF JACKSON ET AL. *v.* ZOLLMAN.

[No. 6,949.    Filed January 25, 1910.]

1.  HIGHWAYS.—*Free Gravel Roads.—Acceptance of.—Protests by Taxpayers.—Time for Filing.*—Under §6911 Burns 1901, Acts 1901, p. 449, §13, providing that whenever the superintendent and the engineer of any free gravel road shall file verified statements of the completion of such road with the county auditor, which statements must be filed at least ten days before the first day of the regular term of the board of commissioners, any interested taxpayer may, "within said ten days," file his verified statement that such improvement is not completed, such taxpayer must file such statement within such ten days, or it may be stricken out on motion.    p. 186.

2.  HIGHWAYS.—*Free Gravel Roads.—Acceptance of.—Protests by Boards of Commissioners.*—Boards of commissioners have no right

to protest, on behalf of taxpayers, against the acceptance of a free gravel road, the superintendent and the engineer having filed their verified statements that such road had been completed. p. 187.

From Jackson Circuit Court; *Joseph H. Shea*, Judge.

Petition by George W. Zollman against which the Board of Commissioners of the County of Jackson, and another, remonstrate. From a judgment for petitioner, remonstrants appeal. *Affirmed.*

*S. A. Barnes, Kochenour & Price* and *W. H. Endebrook*, for appellants.

*Hottel, Cauble & Hottel* and *Branaman & Branaman*, for appellee.

COMSTOCK, J.—On September 12, 1904, appellee entered into a contract with the Board of Commissioners of the County of Jackson for the construction of a free gravel road in Carr township, said county, under the act of 1901 (Acts 1901, p. 449, §§6899-6913 Burns 1901) and amendments of 1903 (Acts 1903, pp. 263, 288 and 294), authorizing boards of commissioners to contract for the construction of free gravel roads, etc.

On July 2, 1907, appellee filed a written petition asking the board of commissioners of said county to receive his said road as completed according to the plans, plats, profile and contract under which said improvement was let. This petition was based upon affidavits made by the superintendent and the engineer that said road has been completed by the contractor according to the plans, plats, profiles and contract under which such improvement was let, and that the quantity and quality of the material used in making said improvement was the kind of material, except better, and that the quantity used was as required in the contract.

To this petition, appellant Charles Wright filed a written protest, and such proceedings were had before said board that the petition of appellee was denied. From this ruling of the board appellee appealed to the circuit court, where the

matter was tried, resulting in a finding for the appellee, and, over the separate motions by appellants for a new trial, judgment was rendered as follows: "And it is now ordered, considered, adjudged and decreed by the court that, prior to June 20, 1907, a certain free gravel road in Carr township, Jackson county, State of Indiana, known as the Jackson Spur Road (Letter I1), constructed by plaintiff, George W. Zollman, and defendant Board of Commissioners of the County of Jackson, under the provisions of an act of the General Assembly of the State of Indiana, approved March 11, 1901 (Acts 1901, p. 449, §§6899-6913 Burns 1901), was completed by the contractor [plaintiff George W. Zollman] in all things according with and in compliance to the terms of the plans, plats, profiles and contract under which said improvement was let by the Board of Commissioners of the County of Jackson, and that the quantity and quality of said material used in making said improvement was the kind of material and quantity required in the contract for such improvement; and it is further ordered, considered, adjudged and decreed by the court that the Jackson Spur Road (Letter H), in Carr township, Jackson county, Indiana, as improved and constructed by George W. Zollman, under contract with the Board of Commissioners of the County of Jackson, be and the same is hereby accepted and received as completed by plaintiff, George W. Zollman, in all things according to the plans, plats, profiles and contract under which said improvement was let," etc.

The board of commissioners assigns as error the action of the court in overruling its motion for a new trial. Appellant Wright assigns as error the overruling of his motion to file his protest herein and his motion for a new trial.

We shall consider these assignments in their inverse order. Section 6911, *supra,* provides that "whenever any superintendent and the engineer of any road or roads constructed under the provisions of this act * * * shall each file their sworn statements with the auditor

of the county, which sworn statements shall state that such road or roads, or part thereof, has been completed according to the plans, plats, profiles and contract, under which such improvement was let, and that the quantity and quality of material used in making said improvement was the kind of material, and that the quantity was used as required in the contract, the board of county commissioners shall not act on such proof of the completion of such road or roads or part thereof until said sworn statements have been filed with the auditor at least ten days before the first day of any regular term of said board, and if, within said ten days, any taxpayer interested in such improvement shall file his sworn statement with the auditor that such road or roads or part thereof has not been completed according to the plans, * * * under which such improvement was let, and states specifically in what particular the same has not been completed, then, in such case, the board of county commissioners shall set a day for hearing such issue and hear other proof on such matter," etc.

The record shows that the affidavit of the superintendent and the engineer was filed on June. 20, 1907, more than ten days prior to the regular July term, 1907, of the board, and appellant Wright did not offer to file his protest until July 2, 1907, and after the ten days for the filing by the taxpayer, had expired. It was not error therefore to refuse permission to file said protest.

No legal objection having been made to said affidavit, the court committed no error in overruling his motion for a new trial.

As to the appellant board of commissioners, no taxpayer having made complaint within the time and in the manner specified by statute, neither Jackson county nor its

2.   representative, the board of commissioners, can be heard to complain for them. The motion for a new trial was properly overruled.

Judgment affirmed.