IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1912, AND MAY
TERM, 1913, IN THE NINETY-SEVENTH YEAR
OF THE STATE.

---

### TOWN OF WOODRUFF PLACE ET AL. *v.* GORMAN.

[No. 22,100. Filed December 19, 1912.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Action by Contractor.—Complaint.—Allegations.*—In a contractor's action against a town to recover assessments collected by it on account of an alley improvement, a complaint designating specifically the alley improved, the date of letting the contract, the completion of the work and its acceptance, and alleging all the regular proceedings under the statute, including the approval of the final assessment roll, the payment of the assessments to the town and its refusal to pay plaintiff, is sufficient without making the contract a part thereof, or averring that a copy of the final assessment roll was delivered to the department of finance. pp. 4, 5.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Action by Contractor. — Foundation of Action. — Contract.* — Under §8711 Burns 1908, Acts 1905 p. 219, §108, providing that a city or town shall be liable to the contractor for the contract price of the improvement of a street or alley to the extent of the moneys actually received by it from the assessments, and §8719 Burns 1908, Acts 1905 p. 219, §114, requiring a separate account of the fund arising from assessments for each particular improvement to be kept, which fund shall constitute a separate special fund for the payment of contractors for the particular work, in an action by a contractor against a town to recover assessments collected by it, the contract is not the foundation of the action so as to require a copy to be made a part of the complaint under §368 Burns 1908, §362 R. S. 1881. p. 4.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Acceptance of Work.—Approval of Assessment.—Conclusiveness.*—The accept-

ance by the trustees of a town of the work of a street or alley improvement, and the final approval of the assessment therefor, is a *quasi*-judicial act, and, in the absence of fraud, is conclusive on all parties that the work was done in accordance with the contract. p. 5.

4.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Setting Aside Acceptance of Work and Approval of Assessments.—Fraud.—Power of Courts.*—Although, under the rule that inferior courts and tribunals have no equity powers and cannot set aside their own judgments even for fraud, unless authority is granted by law to do so, a board of town trustees may not be able to set aside its acceptance of the work of a public improvement, and its final approval of the assessment, on the discovery of fraud, such acceptance and assessment may be set aside by a court of equity, the same as a judgment, on the showing of fraud. p. 6.

5.  JUDGMENT.—*Conclusiveness.—Fraud.*—A judgment of a court of competent jurisdiction, although, in general, conclusive between the parties, may be impeached and set aside, if procured through fraud. p. 6.

6.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Acceptance of Work.—Assessments.—Attack.*—Where the rights of innocent third persons have not intervened, the acceptance of the work of a public improvement, and the approval of the assessments therefor, may be attacked on the ground of fraud, by one who has not waived it, either by an independent suit to set aside such acceptance and assessments, or by setting up the fraud by cross-complaint in the suit of the contractor to enforce such assessments, and in an action by the contractor against a town to recover assessments collected by it, the town may likewise by cross-complaint ask the cancellation of the acceptance and assessment on the ground of fraud. p. 7.

7.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Action by Contractor.—Cross-Complaint to Cancel Acceptance and Assessments.—Demurrer.*—Where, in an action by a contractor against a town to recover the assessments collected by it on account of public improvements, the defendant's cross-complaint, to cancel the acceptance of the work and the assessments on the ground of fraud, contained allegations of fact constituting fraud and which it was alleged induced the acceptance of the work, the trial court's action in sustaining a demurrer thereto was reversible error. p. 7.

8.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Action by Contractor.—Intervening Parties.*—In an action by a contractor against a town to recover assessments collected by it on account of public improvements, and resisted by the town on the ground of fraud, the property owners who have paid the money sought to

be recovered by plaintiff are interested in the subject-matter of the action adversely to the plaintiff, and, should be admitted as defendants on proper application. p. 7.

From Superior Court of Marion County (77,404); *John L. McMaster,* Judge.

Action by Frank S. Gorman against the Town of Woodruff Place and others. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*William W. Lowry,* for appellants.

*Caleb S. Denny, George L. Denny* and *Horace L. Gould,* for appellees.

Cox, J.—Appellee was the contractor for the improvement of an alley of appellant town, by paving it with concrete and cement. The work was duly accepted by the board of trustees of the town, and a final assessment roll for the cost was adopted and confirmed. This was an action by appellee to recover from the town the sum of certain assessments made against property owners and confirmed by the final approval of the assessment roll, which had been paid to the town. Appellant town unsuccessfully demurred to the complaint. It then answered in two paragraphs, the first of which was a general denial and the second alleged facts which showed, in substance, that appellee had not performed the work in accordance with the plans and specifications, but had fraudulently omitted one-half of the amount of the cement called for; that he had procured the adoption and confirmation of the assessment roll by fraud and misrepresentation, and that the town had afterwards rescinded and set the same aside. Substantially these same facts were also pleaded in a cross-complaint, which prayed, as relief, that the acceptance of the work and the confirmation of the assessment roll be set aside. Appellee demurred to the second paragraph of answer and to the cross-complaint, and these demurrers were sustained. The issue

formed by the general denial was tried by the court, and a judgment for appellee resulted. From that judgment the town appeals, and relies upon the rulings on its demurrer to the complaint and on appellee's demurrers to the answer and cross-complaint for a reversal.

It is contended by counsel for appellants that the complaint is bad for failing to make a copy of the contract for the improvements a part thereof, and, also, because it is not alleged therein that the board of trustees of the town caused to be made a certified copy of the assessment roll and that the same was delivered to the department of finance.

1. The complaint designated specifically the alley to be improved, and showed by complete and lengthy allegations the date of the letting of the contract to appellee, the completion of the work and its acceptance by the board of trustees, and all of the regular proceedings under the statute, including the approval of the final assessment roll. It alleges the payment by certain property owners of the amount of their assessments to the town treasurer, appellee's demand therefor, and the refusal of the town treasurer, acting under instructions of the board of trustees, to pay.

2. Section 108 of the cities and towns act of 1905 (Acts 1905 p. 219, §8711 Burns 1908) provides, among other things, that a city or town shall be liable to the contractor for the contract price of the improvement of a street or alley to the extent of the moneys actually received by it from the assessments.

Section 8719 Burns 1908, Acts 1905 p. 219, §114, provides that the department of finance shall carefully keep a separate account of the fund arising from assessments for each particular improvement, and that the proceeds shall constitute a separate special fund for the payment of contractors for the particular work. Appellee's action is obviously based on the statute and the contract is not the foundation of it in the sense that would make it necessary to make

it a part of the complaint under the provisions of §113 of the code of civil procedure, §368 Burns 1908, §362 R. S. 1881.

Section 8714 Burns 1908, Acts 1905 p. 219, §109, makes it unnecessary in a suit to foreclose the lien of an assessment for a street improvement for the complaint to set forth or to refer to the proceedings at length or specifically and in such an action it is not necessary therefore to make the contract a part of the complaint or to allege therein that a copy of the final assessment roll was delivered to the department of finance. *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863. And it seems clear that in a case such as this, where the town has, through its officers, accepted the work as completed in accordance with the contract, and has made final assessments and collected them, such averments would not be required. The contention of counsel for appellants, that the contract should have been made a part of the complaint and full performance alleged, is fully met by the fact that appellee's complaint alleged the completion of his work to the entire satisfaction and approval of the engineer, inspector and board of trustees of the town, its acceptance by them, the approval by the board of a final assessment roll therefor. The acceptance of the work and final approval of the assessment therefor was a *quasi*-judicial act, and was, in the absence of fraud, conclusive on all the parties that the work was done in accordance with the contract. *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481, 68 N. E. 1014; *Shank* v. *Smith* (1901), 157 Ind. 401, 61 N. E. 932, 55 L. R. A. 564; *Edwards* v. *Cooper* (1907), 168 Ind. 54, 79 N. E. 1047; *Dawson* v. *Hipskind, supra; Green* v. *Shanklin* (1900), 24 Ind. App. 608, 57 N. E. 269; *Gorman* v. *Johnson* (1910), 46 Ind. App. 672, 675, 91 N. E. 971; Page & Jones, Taxation by Assessment §531; 2 Elliott, Roads and Sts. (3d ed.) §728.

It may be, as contended by counsel for appellee, that the court did not commit error in sustaining the demurrer to the second paragraph of answer which set up the 4. fact that the acceptance of the work and final approval of the assessment by the town board had been procured by the fraud of the appellee, and that the board, upon the discovery of the fraud, had rescinded and vacated the same. This may be so under the rule that courts and other tribunals of inferior jurisdiction have no equity powers, and cannot, therefore, set aside their own judgments, even when obtained by fraud, unless authority is granted by law to do so. *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628; *Board, etc.,* v. *State, ex rel.* (1878), 61 Ind. 75, 84. But the cause must be reversed for error of the trial court in sustaining the demurrer to the cross-complaint, in which the same facts were pleaded, and which directly invoked of a court of general jurisdiction the exercise of its equity power to vacate and set aside the acceptance of the improvement and the assessment, and for this reason we do not determine the sufficiency of the second paragraph of answer.

There is no more stringent maxim than that no one shall be permitted to aver against a record; but where fraud can be shown this maxim does not apply. A judgment 5. of a court of competent jurisdiction, although, in general, conclusive between the parties, may, nevertheless, be impeached and set aside if procured or pronounced through fraud, contrivance or covin of any description, for fraud vitiates everything. Broom's Legal Maxims (8th ed.) 340, 341; Freeman, Judgments (4th ed.) §99.

In accepting an improvement of a public street as completed, and approving the assessment therefor, the town board or other municipal tribunal, vested with authority over the subject-matter, acts in a *quasi*-judicial capacity merely, and its conclusion, to say the

least, is not less vulnerable, when directly attacked for fraud, than the judgment of a court. The authorities agree that fraud invalidates the acceptance and the assessment, and they may be set aside by a court of equity, as judgments may be. 2 Elliott, Roads and Sts. (3d ed.) §§728, 729; Page & Jones, Taxation by Assessment §§484, 485, 534, 927, 947; *Green* v. *Shanklin, supra; Gorman* v. *Johnson, supra; Mason* v. *City of Des Moines* (1899), 108 Iowa 658, 79 N. W. 389. The acceptance and assessment may be attacked, when the contractor seeks to enforce the assessments

6. by suit, by one who has not waived the fraud, and when the rights of innocent third persons have not intervened, by setting up the fraud in a cross-complaint; or an independent suit may be brought in the first instance to set aside the acceptance and assessments. *Gorman* v. *Johnson, supra; Mason* v. *City of Des Moines, supra.*

We know of no reason why the town when sued by the contractor, as in this case, to recover from it assessments paid by property owners assessed for the improvement, who had not waived any fraud in the proceeding, and who had paid their assessments, may not by cross-complaint set up the fraud and ask the cancelation of the acceptance and assessment. In a limited sense it is the agent of the property owners in the matter, and to permit it to set up the fraud and secure a rescission of the acceptance would avoid a multiplicity of suits. Without setting out in full

7. the cross-complaint, it may be said that it contained allegations of fact constituting fraud, which it was alleged induced the acceptance of the work, and the court committed error in sustaining appellee's demurrer to it.

Certain of the property owners who had paid in the money for which appellee was suing unsuccessfully attempted to intervene as defendants in the trial court

8. under the provisions of §273 Burns 1908, §272 R. S. 1881; and an attempt is made to present the correctness of that action for review. It is unnecessary to pass

upon the contention of counsel for appellant, that the court erred in refusing to permit these property owners to come in as parties, or that of appellee, that the question is not properly before us for decision, as the case must be reversed as indicated. It may be said, however, that they were interested in the subject-matter of the litigation adversely to the appellee, and it would be in harmony with the spirit of our code to settle in a single action the rights and equities of all persons interested in the subject-matter of an action, to admit them as defendants upon a proper application, and we think they should be admitted as parties to the further proceedings to be taken upon reversal. *Cambria Iron Co.* v. *Union Trust Co.* (1900), 154 Ind. 291, 55 N. E. 745, 56 N. E. 665, 48 L. R. A. 41.

The cause is reversed, with instructions to the lower court to overrule the demurrer to the cross-complaint of the town of Woodruff Place, and for further proceedings.

Note.—Reported in 100 N. E. 296. See, also, under (1) 28 Cyc. 1061; (3) 28 Cyc. 1054; (5) 23 Cyc. 917. As to the power of courts to vacate judgments, see notes in 52 Am. St. 795; 54 Am. St. 218; 60 Am. St. 633. As to the right of intervention, see note in 15 Am. Dec. 162; 16 Am. Dec. 177.