## MARTIN *v*. BOARD OF COMMISSIONERS OF THE COUNTY OF PIKE ET AL.

### [No. 9,435. Filed October 23, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Ruling on Demurrer.—Motion for New Trial.*—Where the complaint was in a single paragraph, and plaintiff elected to stand thereon after an adverse ruling on demurrer, it was unnecessary for him to move for a new trial, and the ruling on the motion therefor presents no question for review on appeal. p. 378.

2. APPEAL.—*Review.—Ruling on Demurrer.—Scope of Review.*—A ruling of the trial court sustaining a demurrer to a complaint will, if correct, be sustained on appeal, regardless of the correctness of the grounds set forth in the memorandum accompanying the demurrer. p. 378.

3. INJUNCTION.—*Complaint.—Right to Relief.*—One demanding the aid of a court must have some interest in the matter or controversy which he seeks to have litigated and determined, and, when the appeal is to equity for injunctive relief, facts and circumstances must be alleged showing more than a mere technical and inconsequential wrong or irregularity in the proceedings sought to be enjoined. p. 378.

4. INJUNCTION.—*Right to Relief.—Remedy at Law.—Statute.*—Under §9511 Burns 1914, Acts 1911 p. 185, providing that under the direction of the board of commissioners the county

surveyor shall have charge of all county surveying and engineering work, including the preparation of plans and specifications for, and general supervision and construction of, all bridges, provided, that if the county surveyor is not a competent civil engineer, then the board shall appoint one to supervise the work ordered, but in such case the county surveyor shall have the right to a hearing as to his competency before the judge of the circuit or superior court of the county, the board's appointment of another than the county surveyor to prepare plans and specifications for a bridge and to supervise its construction was, in effect, a finding that the surveyor was incompetent, and his only remedy, in the absence of fraud or corruption, was a hearing as provided by the statute, and he could not enjoin the construction of the bridge on the ground that the proceedings were rendered void by the employment of another to act as engineer.  pp. 379, 381.

5.  BRIDGES.—*Construction.—Discretion of Board of Commissioners.*—Under §§3821, 7687 Burns 1914, §§2885, 5130 R. S. 1881, authorizing the building or repairing of bridges whenever in the opinion of the board of county commissioners such work is required for the convenience of the public, whether a bridge on a county highway shall be built is within the discretion of the board.  p. 381.

6.  COUNTIES. — *Appointment of County Engineer. — Powers of Board of County Commissioners.—Statute.*—Section 9511 Burns 1914, Acts 1911 p. 185, providing that if the county surveyor is not a competent civil engineer, the board of commissioners may appoint another to have charge of certain engineering work, but the surveyor may have a hearing as to his competency before the county judge, does not require a formal hearing or finding by the board as to the competency of the surveyor, and the finding of the board is conclusive unless set aside after the hearing provided by the statute.  p. 382.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Joshua Martin against the Board of Commissioners of Pike County and others.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Frank Ely* and *J. W. Wilson,* for appellant.
*William D. Curll,* for appellees.

HOTTEL, C. J.—This is an appeal from a judgment in appellees' favor in an action predicated on a complaint in one paragraph, the material averments of

which, briefly stated, are as follows: Appellant was the surveyor of Pike county on April 1, 1915, and at that time and for months before was qualified to do and perform all surveying work required by law of him to be performed. At the April term, 1915, of the defendant board of commissioners, said board of commissioners ordered a certain bridge built in Pike county, and advertised for bids for the same to be opened at the May term. At the May term the board accepted the bid of the defendant bridge company, and at the same time employed the defendant Burch to prepare the necessary plans for the bridge and specifications therefor. The board refused to allow appellant to prepare said plans, although they knew that he was surveyor and qualified as provided by law, and willing to prepare them. The board ordered the defendant bridge company to erect said bridge according to the plans and specifications prepared by defendant Burch. Said Burch was at no time surveyor of Pike county or a deputy surveyor. The plans so prepared by him are void; he had no authority in law to prepare them. The advertising of the construction of said bridge according to said plans was void. It was the imperative duty of appellant to prepare said plans and specifications and his duty to superintend the erection of said bridge. The defendant board refused to allow appellant to perform said duty. Prayer that the erection of said bridge upon the plans prepared by said Burch be enjoined, and that defendant board be enjoined from employing any one other than appellant to perform the work incident to the erection of said bridge.

To this complaint appellees filed separate and several demurrers. These demurrers were sustained, and, appellant having refused to plead further, judgment was rendered against him on his complaint. A motion for new trial filed by appellant was overruled. The rulings

indicated are assigned as error and relied on for reversal. The complaint being in a single paragraph, and appellant having elected to stand thereon, after an adverse ruling on the demurrer thereto, the filing of the motion for a new trial was unnecessary, and the ruling on such motion presents no question on appeal.

Appellees' said several demurrers are predicated on the first and fifth statutory grounds, provided by §344 Burns 1914, Acts 1911 p. 415, and are each accompanied by a memorandum stating wherein the complaint is insufficient. However, inasmuch as the ruling of the trial court on said demurrers, if correct, must be upheld regardless of whether the correct reason therefor be indicated in such memoranda, (*Bruns* v. *Cope* [1914], 182 Ind. 289, 105 N. E. 471; *Laufer* v. *Laufer* [1915], 61 Ind. App. 508, 112 N. E. 106), it is sufficient to indicate generally the propositions of law relied on by appellees which, we think, support the said ruling. These propositions are in substance as follows:

Anyone demanding the aid of a court must have some interest in the matter or controversy which he seeks to have litigated and determined. §251 Burns 1914, §251 R. S. 1881; *Shoemaker* v. *Board, etc.* (1871), 36 Ind. 175; *Erwin* v. *State, ex rel.* (1897), 150 Ind. 332, 345, 48 N. E. 249. And, when the appeal is to the equity side of the court, seeking injunctive relief, facts and circumstances must be alleged showing something more than a mere technical and inconsequential wrong or irregularity in the proceedings sought to be enjoined. 16 Am. and Eng. Ency. Law (2d ed.) 360; *Stauffer* v. *Cincinnati, etc., R. Co.* (1904), 33 Ind. App. 356, 70 N. E. 543; *American Plate Glass Co.* v. *Nicoson* (1904), 33 Ind. App. 643, 73 N. E. 625.

The averments of the complaint do not show that appellant has any interest in the Vincennes Bridge Company, or that he is a taxpayer in Pike county.

4. The only averments tending to show any interest of appellant are those showing that during the period mentioned in the complaint he was the duly elected, qualified and acting county surveyor, at all times ready, willing and capable of performing all the duties required of him as such officer, including those of making plans and specifications for bridges, and the superintending of the building of such bridges. The only thing in which he is shown to have been interested, by said averments, was his employment by the board of commissioners to make the plans and specifications of said bridge, and to superintend the building thereof, and his only complaint is of the board's refusal to employ him to do said work.

In this action of the board he had an interest and, if he was not satisfied therewith, he should have availed himself of the remedy given by the statute, §9511 Burns 1914, infra. Instead, however, of seeking relief against the action of the board in which he was interested, and availing himself of the remedy which the statute, supra, gives him, he seeks to enjoin the carrying out of the contract entered into by said board, and its coappellee, the bridge company, on the theory that the refusal of the board to employ him, and its employment of another to do said work, rendered the entire proceeding for the building of said bridge void.

The employment of an engineer other than appellant, who was the county surveyor, and the refusal to employ appellant, were but steps in the proceeding authorizing the building of the bridge and the letting of the contract therefor; and, unless appellant's appointment was essential to the jurisdiction of the board of commissioners over the subject-matter, viz., the building

of the bridge, or essential to the validity of the order and judgment of such board in said proceeding, the board's action in such matter, in the absence of fraud or corruption, would furnish no ground for enjoining the building of such bridge under such order and judgment. *Waugh* v. *Board, etc.* (1916), 64 Ind. App. 123, 115 N. E. 356; *Bass* v. *City of Fort Wayne* (1890), 121 Ind. 389, 23 N. E. 259; *Rhodes, etc., Furniture Co.* v. *Mattox* (1893), 135 Ind. 372, 34 N. E. 326, 35 N. E. 11; *Board, etc.* v. *Reeves* (1897), 148 Ind. 467, 46 N. E. 995; *Davis* v. *Clements* (1897), 148 Ind. 605, 47 N. E. 1056, 62 Am. St. 539.

It is true the complaint contains some general statements by way of conclusion, that said plans and specifications of Burch, under which the contract was let, and the advertising and letting of the contract thereunder were invalid and void, but such general averments are controlled by the specific averments on which they rest, and such specific averments, as before indicated, show conclusively that the only acts relied on as invalidating said proceeding was the action of said board in refusing to employ appellant, and its employment of another engineer to make the plans and specifications for said bridge and to superintend the building thereof. In fact, appellant concedes that the disposition of this appeal turns upon §9511 Burns 1914, Acts 1911 p. 185, which provides that: "It shall be the duty of such surveyor, whenever directed so to do by the board, to procure a copy of the original field notes of the townships in his county, have the same recorded, and hand them, as well as all other papers, maps, books and charts belonging to his office, over to his successor. Under the direction of the board of county commissioners they shall have charge of all surveying and civil engineering work of the county in which they are severally located, including the preparation of plans and

specifications for, and general supervision and construction of all bridges, turnpikes, or other roads, ditches, drains or levees, and all other surveying and civil engineering work within and for said county: Provided, however, that if said county surveyor be not a competent civil engineer, then said board of commissioners, whenever such work is petitioned for or ordered, shall appoint some competent civil engineer, other than the county surveyor: and, Provided further, That such county surveyor shall have the right of a hearing as to his competency before the judge of the circuit or superior court of said county, when any such board refuses to appoint such surveyor as herein required and the order of such judge shall be final and conclusive."

Whether a bridge such as the one in question shall be built is within the discretion of the board of commissioners. §3821 Burns 1914, §2885 R. S. 1881; §7687 Burns 1914, §5130 R. S. 1881; *State, ex rel.* v. *Board, etc.* (1889), 119 Ind. 444, 21 N. E. 1097; *Board, etc.* v. *State* (1895), 141 Ind. 187, 40 N. E. 686.

5.

The board having determined to build the bridge, it then becomes its duty, under §9511, *supra,* should the county surveyor not be a competent civil engineer, to appoint a competent civil engineer to prepare the plans and specifications for the bridge and to supervise its construction. If in the judgment of the board, the surveyor is a competent civil engineer, it is the right and duty of the surveyor to prepare such plans and specifications and to supervise such construction. If the board's judgment is otherwise, it must appoint a competent civil engineer.

4.

It is obvious, then, that in order to perform its duty, the board must first determine whether the county surveyor is a competent civil engineer. In the instant case, the appointment of the defendant Burch was, in

effect, a finding by the board that plaintiff was not a competent civil engineer.

Said section does not require a formal hearing or finding by the board as to the competency of the surveyor, but merely requires that if he be not a competent civil engineer, the board shall appoint one. It does, however, give the surveyor a right to a hearing on the question of his competency before the judge of the circuit or superior court, whose decision and order shall be final and conclusive. The question of the competency of the surveyor is thus left within the discretion of the board, subject to the order of the judge of the circuit or superior court after a hearing which the surveyor may demand, but which does not appear to have been demanded by the plaintiff.

The finding of the board in this case was conclusive, under §9511, *supra*, unless set aside in the manner provided by said section, and, having been made by the board in the exercise of its discretion, it cannot be attacked as was here done, on the ground that it was, in fact, false. *Waugh* v. *Board, etc., supra; Heagy* v. *Black* (1883), 90 Ind. 534; *Board, etc.* v. *Hall* (1880), 70 Ind. 469; *Ricketts* v. *Spraker* (1881), 77 Ind. 371.

The complaint did not state facts which would entitle plaintiff to injunctive relief, and the demurrers thereto were properly sustained. There being no error in the record, the judgment of the trial court is affirmed.

NOTE.—Reported in 117 N. E. 517. See under (3, 4) 22 Cyc 760, 774. Injunction to prevent violation of contract by employer, 90 Am. St. 651.