SULLIVAN ET AL. *v.* BOARD OF COMMISSIONERS OF MIAMI COUNTY.

[No. 12,170.   Filed October 16, 1925.   Rehearing denied January 27, 1926.   Transfer denied November 16, 1926.]

1. HIGHWAYS.—*Board of commissioners cannot maintain suit to set aside order of acceptance of highway after payment of contractor.*—A board of county commissioners that has accepted a highway improvement under §8407 Burns 1926, and made and entered an order to that effect, has paid the contractor for his work and nothing else remains for it to do, cannot maintain a suit in equity to vacate its order of acceptance on the ground of fraud in procuring the acceptance, but such suit could only be maintained by an interested taxpayer (*Town of Woodruff* v. *Gorman,* 179 Ind. 1, distinguished).   p. 295.

2. PARTIES.—*Plaintiff must have interest in matter in controversy.*—Any one demanding the aid of a court must have some interest in the matter or controversy which he seeks to have litigated or determined.   p. 295.

3. COUNTIES.—*Boards of county commissioners have only such powers as are given by statute.*—Boards of county commissioners are creatures of limited authority and have no power other than that given by statute or necessarily implied in order to carry out the powers expressly given them by statute. p. 296.

From Wabash Circuit Court; *A. H. Plummer,* Special Judge.

Suit by the Board of Commissioners of Miami county against Ray N. Sullivan and others to set aside and vacate an order accepting a highway improvement.   From an order vacating such former order, the defendants appeal. *Reversed.*   By the court in banc.

*Russell J. Wildman* and *York & Rees,* for appellants.
*A. W. Mott* and *Long & Yarlott,* for appellee.

McMahan, J.—Appellant Ray N. Sullivan entered into a contract with the Board of Commissioners of Miami county for the construction of a stone road under the three mile gravel road law. After having given bond with his coappellants as sureties, he entered into the performance of his duties and without having completed his work according to the plans and specifications, through fraud, procured from the board of commissioners an order declaring the work completed in accordance with the contract and directing that he be paid in full. The board of commissioners thereafter learning that the road had not been constructed according to the contract and of the fraud of said contractor, commenced this action in the circuit court of Miami county to vacate and set aside its order declaring the road completed. The complaint was in two paragraphs, the first being to set aside the order declaring the road completed according to the contract, while the second was to set aside said order and for damages. The second paragraph went out on demurrer.

A demurrer to the first paragraph was overruled. A trial resulted in a judgment vacating and setting aside the order of the board of commissioners declaring the road completed according to the contract. From this judgment, appellants appeal and contend that the court erred in overruling their demurrer to the first paragraph of complaint.

Appellants contend that appellee has no power to maintain an action in a court of equity for the purpose of vacating its order and judgment of acceptance, and that the action should have been brought by the state on relation of the taxpayers affected, or by some taxpayer of the district affected.

Appellee practically concedes that in making the order accepting the road as being completed, it acted in a judicial capacity and that it had no power to vacate

the order of acceptance, but it contends that, as the statutory or enforced agent of the owners of property assessed for the construction of the improvement, it had the right to maintain this action for the benefit and protection of those who will be assessed to pay for the improvement. Appellants make no claim that the complaint does not allege fraud on the part of the contractor, Ray N. Sullivan, sufficient to sustain the action of the court in overruling the demurrer to the complaint if appellee is entitled to prosecute this action. The sole and only question for our determination, therefore, relates to the authority or right of appellee to prosecute this action.

The improvement in question was made under §§7711 et seq. Burns 1914, Acts 1905 p. 521, §§62 et seq. These sections of the statute authorize the boards of commissioners of the several counties of the state, when the proper petition has been filed and the statutory notices have been given, to refer the petition to an engineer and viewers, to approve the report of the engineer and viewers, to let the contract for the completion of the improvement, to approve the report of the engineer in charge of construction when the improvement has been completed in accordance with the contract and to accept such road when found to be completed. Provision is made for the filing of remonstrances by taxpayers, and for an appeal to the circuit court by the contractor or by a taxpayer from an adverse decision of the board of commissioners.

As was said in Board, etc., v. Branaman (1907), 169 Ind. 80, 82 N. E. 65: "In the enactment of the law in regard to the construction of free gravel roads the legislature has deemed it proper to designate the board of commissioners of the county as the tribunal before which the proceedings to construct such highways shall

be instituted and carried to a final completion. The commissioners, therefore, merely act as a board for that purpose. The statute does not contemplate that the board shall be the agent of the particular township which constitutes the taxing district. It is merely the designated agency or instrumentality of the law to carry into effect its provisions, and for this purpose it has been invested by the statute with certain limited functions and powers, some of which are in their nature and character administrative, while others may be said to be judicial. In carrying the law into effect the board cannot exceed the powers with which it has been invested."

In that case, the contractor had sued the board of commissioners for an alleged balance claimed to be due, on the theory that the improvement had been completed in accordance with the contract. There was no allegation in the complaint that the board of commissioners had found that all of the roads mentioned in the contract had been completed and accepted by the commissioners. In fact, but three of the five roads mentioned in the contract had been found to be completed and accepted by the board of commissioners. The commissioners had refused to pay the final estimate. The Supreme Court held there could be no recovery, and that the board should proceed to determine whether the two roads had been completed according to contract. The statute under which the roads in that case were improved prohibited the commissioners from paying over eighty per cent. of the amount due the contractor until after the roads had been completed and accepted. Being charged with the duty of determining whether the roads had been completed before paying the contractor in full, it was the duty of the board of commissioners, as the statutory agent of the taxpayers, to defend. While this action was pending, the contractor brought suit against

the board of commissioners for an injunction to prevent the latter from using county funds in defence of the former action against such board by such contractor to compel payment of the balance he claimed to be due him under his contract. In reversing this last action and holding that an injunction would not lie, this court said: "While the board of commissioners acts as the enforced agent of the property owners within the taxing district, it is the duty of such board to act within the power and authority given it by statute. It is only when the board acts within its statutory power that its acts will be regarded as legal. Acting, therefore, within its statutory power as such enforced agent, it was obligatory upon the board to refuse to authorize a final payment to appellee upon his contract until the roads had been received as completed. * * * The board of commissioners having been sued in its corporate capacity in the original action, it not only had a right, but it was its duty, to defend that action in the interest of those whose property was assessed for the construction of the roads, and thus protect their rights." *Board, etc., v. Branaman* (1906), 39 Ind. App. 193, 76 N. E. 1030, 78 N. E. 356.

What this court said in that case concerning the duties of the board of commissioners to defend the first action in the interest of those whose property was assessed for the construction of the roads and to protect their rights fall short of sustaining the proposition contended for by appellee in the instant case.

In *Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1, 100 N. E. 296, cited by appellee, an action had been brought by a contractor to recover from the town the sum of certain assessments made against certain property owners and which had been paid to the town. The town filed an answer and also a cross-complaint alleging, in substance, that the contractor had not per-

formed the work according to the plans and specifications but had fraudulently omitted one-half of the cement called for, that, because of fraud on the part of the contractor, the confirmation of the assessment roll had been rescinded and set aside and asking that the acceptance of the work and the confirmation of the assessment be set aside.    The demurrer to the answer and cross-complaint was sustained.    The action of the court in sustaining the demurrer to the answer was sustained upon the theory that tribunals of inferior jurisdiction have no equity powers and cannot set aside their own judgments, even when obtained by fraud, unless authority is granted by law to do so.    The cause was reversed, however, because of the action of the court in overruling the demurrer to the cross-complaint, on the theory that it, "directly invoked of a court of general jurisdiction the exercise of its equity power to vacate and set aside the acceptance of the improvement and the assessment," and, for that reason, the court did not determine the sufficiency of the answer.    In the course of the opinion (page 7), the court said:    "The acceptance and assessment may be attacked, when the contractor seeks to enforce the assessments by suit, by one who has not waived the fraud, and when the rights of innocent third persons have not intervened, by setting up the fraud in the cross-complaint; or an independent suit may be brought in the first instance to set aside the acceptance and assessments.    *Gorman* v. *Johnson,* 46 Ind. App. 672, 91 N. E. 971; *Mason* v. *City of Des Moines,* 108 Iowa 658, 79 N. W. 389.    We know of no reason why the town when sued by the contractor, as in this case, to recover from it assessments paid by property owners assessed for the improvement, who had not waived any fraud in the proceeding, and who had paid their assessments, may not by cross-complaint set up the fraud and ask the cancellation of the acceptance and

assessment. In a limited sense it is the agent of the property owners in the matter, and to permit it to set up the fraud and secure a rescission of the acceptance would avoid a multiplicity of suits."

*Blain* v. *City of Delphi* (1924), 195 Ind. 463, 145 N. E. 764, was an action by the receiver of a contractor to recover from the city compensation for street improvements made at the expense of the property owners and also to recover the cost of building a bridge and abutments by which one of the streets improved was carried across a deep cut in another of the streets improved. The city made an order accepting the work as completed, but later made an order rescinding the order of acceptance and refused to levy assessments on the abutting property for the cost. The city answered failure of the contractor to do the work according to contract and fraud on the part of the contractor in procuring the order of acceptance. It was there held that, while the order of rescission would not operate to nullify the former order of acceptance, the city could refuse to act pursuant to the order of acceptance until the judgment of a court of equity might be obtained deciding whether such acceptance was vitiated because of such alleged fraud.

*Alsmeier* v. *Adams* (1914), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58, was an action by a property owner against the board of public works and others, including the contractor and his assignee, to set aside an assessment roll and to enjoin the collection of assessments because of the fraud and failure of the contractor to perform his work in substantial compliance with the contract.

In *Board, etc.,* v. *Zollman* (1910), 45 Ind. App. 184, 90 N. E. 649, the appellee entered into a contract with the board of commissioners for the construction of a free gravel road under the gravel road law of 1901,

(Acts 1901 p. 449, §§6899-6913 Burns 1901) and the amendments of 1903 (Acts 1903 pp. 263, 288 and 294), and, claiming he had completed the road according to his contract, he filed a petition asking the board of commissioners to accept the road. A taxpayer filed a protest and, on hearing, the petition was denied. This was followed by an appeal to the circuit court, where a judgment was rendered in favor of the contractor accepting the road. The protest and objection of the taxpayer was rejected in the circuit court on the ground that it had not been filed within the time allowed by the statute. A motion for a new trial filed by the board of commissioners being overruled, it appealed. After holding there was no error in overruling the motion of the taxpayer for a new trial, the court said: "As to the appellant board of commissioners, no taxpayer having made complaint within the time and in the manner specified by statute, neither Jackson county nor its representative, the board of commissioners, can be heard to complain for them. The motion for a new trial was properly overruled."

*Gorman* v. *Johnson* (1910), 46 Ind. App. 672, was a suit by a contractor to foreclose a lien for the improvement of an alley. It was there held that the defendant, a property owner, might by cross-complaint have the acceptance of the improvement by the town board set aside because of the contractor's fraud, such cross-complaint being a direct attack. *Mason* v. *City of Des Moines* (1899), 108 Iowa 658, 79 N. W. 389, was an action by a property owner to set aside a special assessment on the ground of fraud by the contractor, the city, and certain officers of the city. It was there held that the action of the property owner would lie even though the city authorities were not guilty of actual fraud.

As stated in *Town of Woodruff Place* v. *Gorman, supra,* the contractor was attempting to recover from

the town the amount of certain assessments which had been paid to the town by the owners of property assessed. The cross-complaint of the town asking that its acceptance of the work and its confirmation of its assessment be rescinded was sustained on the theory that, while the money was in the possession of the town, it was, in a limited sense, the agent of the property owners and that it would avoid multiplicity of suits to permit it to set up the fraud of the contractor and secure a rescission of its acceptance.

In the instant case, the board of commissioners had performed all of the duties and acts required of it by the statute. Nothing else remained for it to do.

1, 2. It had no money in its possession belonging to any person assessed for the improvement. It was not a defendant in an action by the contractor or by any taxpayer. It had approved the report of the engineer and accepted the improvement as completed and had ordered the auditor to draw his warrant on the treasurer for the balance due the contractor. The warrant had been drawn pursuant to this order, and the contractor had been paid in full, and we hold that appellee thereafter had no duties to perform in the matter and it was not thereafter, in any sense, an agent of the property owners taxed for the purpose of paying for the improvement, and had no authority in its corporate capacity, either in law or equity, to maintain an action against the contractor to vacate and set aside its order of acceptance. "Anyone demanding the aid of a court must have some interest in the matter or controversy which he seeks to have litigated and determined." Martin v. Board, etc. (1917), 65 Ind. App. 375, 117 N. E. 517. Section 251 Burns 1914, §251 R. S. 1881, provides that: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; but this sec-

tion shall not be deemed to authorize the assignment of a thing in action not arising out of contract." The "next section" gives no authority to appellee to prosecute this action. As suggested by appellants, the taxpayers of the township comprising the taxing district are the real parties in interest, and this action should have been brought by them or by some one taxpayer of that district.

We scarcely need cite authorities to sustain the proposition that boards of county commissioners are creatures of limited authority and that they have no power 3. other than those expressly given them by statute or necessarily implied in order to carry out the powers expressly given them by statute. However, see *Doctor* v. *Hartman* (1881), 74 Ind. 221, 223; *Badger* v. *Merry* (1894), 139 Ind. 631, 39 N. E. 309; *Kemp* v. *Adams* (1905), 164 Ind. 258, 73 N. E. 590.

The court erred in overruling the demurrer to the complaint; and, it appearing that the complaint cannot be amended so as to state a cause of action, the cause is reversed, with directions to sustain the demurrer and to dismiss the action.