## TODD ET AL. *v.* CRAIL ET AL.

[No. 20,483.   Filed April 4, 1906.   Rehearing denied June 21, 1906.]

1. JURISDICTION.—*Highways.*—*Gravel Roads.*—*Boards of Commissioners.*—*Statutes.*—Where a petition for the construction of a gravel road is filed as provided for in the act of 1903 (Acts 1903, p. 255, §2) and the proper notice given as therein specified, the board of commissioners has jurisdiction thereof.   p. 52.

2. SAME.—*Inferior Courts.*—*Decision on.*—*Collateral Attack.*— Where the question of jurisdiction of an inferior tribunal depends upon facts which it must determine, its decision thereon in favor of jurisdiction cannot be collaterally attacked.   p. 53.

3. SAME.—*Inferior Courts.*—*Pleadings.*—*Presumptions.*—Where the law requires certain facts to be embodied in the papers, pleadings or documents of a cause, and the proper inferior court proceeds with the case, the courts will presume, on a collateral attack, that such facts properly appeared.   p. 53.

4. SAME.—*Records.*—*Extrinsic Evidence.*—Where the face of the records of an inferior court do not affirmatively show jurisdiction, extrinsic evidence is admissible in aid thereof.   p. 54.

5. JUDGMENT.—*Irregularities.*—*Collateral Attack.*—Where the court has jurisdiction, its actions, though irregular or erroneous, are not subject to a collateral attack.   p. 54.

6. JURISDICTION.—*Regularity of Proceedings.*—*Presumptions.*— Where jurisdiction appears in a cause, the subsequent proceedings of the court will be presumed regular, unless the contrary affirmatively appears.   p. 55.

7. JUDGMENT. — *Validity.* — *Highways.* — *Width.*—*Viewers' Report.*—*Approval.*—A judgment of the board of commissioners establishing a gravel road, but failing to set out its width in the judgment, is not void where it expressly approved the viewers' report, which did set out its width, and ordered the construction in accordance therewith.   p. 55.

8. JUDGMENT.—*Boards of Commissioners.*—*Technical Accuracy.* —Technical accuracy is not required in the orders and judgments of the boards of commissioners, and if substantially good, they cannot be collaterally attacked.    p. 57.

9. PLEADING. — *Complaint.* — *Amendments.* — Refusal to permit an amendment of the complaint during trial is largely discretionary with the trial court.    p. 57.

10. APPEAL AND ERROR.—*Supreme Court Rules.*—Failure to comply with Supreme Court rule 22 is fatal to the consideration of the alleged error.    p. 57.

11. TRIAL.—*Evidence Admitted After.*—*Discretion.*—*Appeal and Error.*—Permission to admit in evidence the gravel road petition, the endorsement thereof by the auditor, the notice of presentation and affidavit of proof of posting, several days after the close of the trial of a suit to enjoin further proceedings in a gravel road case, is discretionary with the trial court, which discretion is subject to review only for abuse.    p. 57.

12. EVIDENCE.—*Part of Viewers' Report.*—*Highways.*—*Gravel Roads.*—It is not error for the court to refuse to permit plaintiffs to introduce the favorable parts only of the viewers' report in a gravel road case, in a suit to enjoin further proceedings in the construction of such gravel road.    p. 58.

13. SAME. — *Viewers' Report.* — *Fraud.*—*Irregularities.*—*Highways.*—*Gravel Roads.*—Evidence of fraud and irregularities in the viewers' report in a gravel road case is inadmissible in a suit to enjoin further construction of such road, where jurisdiction of the board of commissioners is proved.    p. 58.

14. SAME. — *Entries.* — *Proof of Posting.* — *Highways.*—*Gravel Roads.*—In a suit to enjoin the further construction of a gravel road, defendants, to prove the board's jurisdiction, may introduce the entries of the board and the original written proof of posting notices of the presentation of the gravel road petition to such board.    p. 58.

From Tipton Circuit Court; *James F. Elliott,* Judge.

Suit by George L. Todd and others against Ira F. Crail and others. From a decree for defendants, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Oglebay & Oglebay,* for appellants.

*Gifford & Gifford* and *Coleman & Carter,* for appellees.

HADLEY, J.—A proceeding was commenced to construct a gravel road under the act of 1903 (Acts 1903, p. 255). This act provides that upon the presentation to the board of commissioners of a petition signed by a majority of the resident landholders of the county whose lands abut upon the proposed improvement, stating therein the kind of improvement prayed for, and the points between which the same is asked, such board, if satisfied that due notice of such application has been given by posting notices in three public places in the neighborhood of such highway at least ten days before the meeting of the board at which such petition is to be presented, shall appoint three disinterested freeholders of the county as viewers and a competent engineer to proceed, upon a day to be fixed by the commissioners, to examine, view, lay out or straighten such road as in their judgment public utility and convenience require. The county auditor shall notify the viewers and engineer of the time and place of their meeting, and such viewers and engineer, upon actual view, shall determine what lands are benefited or damaged by the proposed improvement, and if they find such improvement will be of public utility or convenience, and that the costs, expenses and damages will be less than the benefits to the land within two miles of the improvement, they shall then, upon actual view of all the lands within two miles of the improvement, apportion the estimated costs, expenses and damages upon all the lands within said two miles that are benefited, according to the benefits to be derived therefrom. (Section two.) As soon as they have performed their duties, the viewers and engineer shall report their doings to the commissioners and file the same with the auditor, which report shall show the public utility of the improvement, an estimate of the costs and expenses, the damages assessed to the several tracts of land, the benefits to each forty acres, or less, thereof, and give a description of the work proposed, the grades, drains,

culverts, kind of improvement and commencement and terminus of the road. (Section three.)

This action was commenced in the Tipton Circuit Court by divers landowners, whose lands were assessed for the improvement, to set aside the contract made between the superintendent appointed by the county commissioners (section nine) and appellees for the construction of said gravel road, and to enjoin said superintendent from issuing the assessment certificate required by the statute to be issued to the several persons assessed. There is no question raised upon the pleadings.

The complaint consists of five paragraphs. The first, third and fourth count upon fraud in letting the contract for construction for a price largely in excess of the total benefits assessed, in tampering with the viewers' report after it had been approved by the board, and that the order of the board was void because it did not define the width, nor the kind and extent of the improvement; the second and fifth, that the superintendent, upon the same facts pleaded in the other paragraphs, was about to issue certificates of assessment against the plaintiffs' lands for a sum forty per cent in excess of the benefits assessed thereto.

The answer was a general denial. The court found the facts specially and stated conclusions of law thereon in favor of the defendants.

Judging the theory of the case more from the points and argument of counsel for appellants, than from the averments of the complaint, it appears that appellants rest their claim for relief upon the ground that the proceedings before the board of commissioners and the appointment of a superintendent of construction were void for want of jurisdiction.

It is conceded by appellants that if the proceedings and orders of the board herein assailed are not absolutely void, then a collateral attack by injunction is not available. The fundamental question, therefore, for decision, involves the

jurisdiction of the board over the subject-matter and persons of appellants.

It is first insisted that the commissioners had no jurisdiction of the subject-matter to enable them to establish the gravel road, or appoint a constructing superintendent, and that all proceedings purporting to effectuate these ends were void. It is the express legislative purpose to give to boards of commissioners, by the act of 1903, jurisdiction or power to construct, or improve by straightening, grading, draining and graveling, highways within the limits of their counties, and there can be no doubt of the jurisdiction in this case, if it is properly shown there has been a substantial compliance with the statute. The presentation of a petition, sufficient within the terms of section two, *supra,* praying for the improvement, and accompanied by proof that notice of the presentation had been given as required by said section, confers upon the board unmistakable jurisdiction of the subject-matter. Do these things sufficiently appear from the record before us? The first entry in the commissioners' record is in these words:

"Roley Smith, G. R.
Petition No. 41, May 18, 1903.

June 1, 1903.

Proof of notice filed. Petition filed showing petition signed by majority of resident abutting landowners of the county. Petition granted as prayed for, and George Potter, Samuel McReynolds and Tinker Neal appointed viewers and Alonzo Scott surveyor. Ordered to meet at the office of the county surveyor on June 26, 1903, and qualify and make view and make report."

In the above minutes it is shown that the first steps taken by the board in the Roley Smith gravel road, No. 41, was on June 1, 1903, when proof of notice was filed and a petition signed by a majority of abutting landowners of the county was presented, considered and granted, as

prayed. All that was necessary to the board's jurisdiction of the subject-matter was the presentation of a petition, signed by a majority of the abutters in the county, stating the kind of improvement prayed, the beginning and terminus of the road, and making proof that notice had been given of the presentation, as provided in section two, *supra.*

The board of commissioners is the only judge created by the legislature to determine whether its right to proceed in such a case accrues, by having presented to it such a petition, and notice thereof, as the law requires as a prerequisite to its jurisdiction. There 2. is no other tribunal to decide for it. Hence the doctrine that when a court of limited powers assumes and exercises jurisdiction in cases where it may be rightful, the existence of all preliminary facts essential thereto will be presumed, in an indirect proceeding, to have been established, and especially is this true in a case like this, where there is a total absence of averment of the nonexistence of such jurisdictional facts. "It is a well-settled principle," said this court in *Evansville, etc., R. Co.* v. *City of Evansville* (1860), 15 Ind. 395, 421, "that where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle, by its decision, such decision is conclusive." See, also, *Board, etc.,* v. *Montgomery* (1886), 106 Ind. 517, 519; *City of Terre Haute* v. *Beach* (1884), 96 Ind. 143, 155; *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 411; *Bowen* v. *Hester* (1895), 143 Ind. 511, 517; *Runner* v. *Scott* (1898), 150 Ind. 441; *Board, etc.,* v. *Aspinwall* (1858), 21 How. 539, 16 L. Ed. 208; *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682.

Another view leads to the same conclusion. Where the law requires certain material facts to be embraced in particular papers, pleadings or documents, in a collateral attack, we will presume, in aid of the pro-3. ceedings, that the requirement has been complied

with. *Hudson* v. *Voreis* (1893), 134 Ind. 642, 644. And for the same reason we may examine such papers, pleadings and documents, if sufficiently identified, when properly presented. In other words, where jurisdiction does not duly appear on the face of the record of an inferior court, in a proceeding, direct or indirect, it may be established by extrinsic evidence. *Clayborn* v. *Tompkins* (1895), 141 Ind. 19, 22.

So, assuming, without deciding, that the record of the commissioners does not of itself show jurisdiction, it is, as a memorandum by the court, sufficient beyond controversy, in support of the judgment, indirectly attacked, to warrant recourse to the files in the case and to the papers required by law to contain the missing facts, if any, necessary to jurisdiction.

Turning then to the bill of exceptions, it very clearly appears that the petition presented to the board on June 1, 1903, in Roley Smith gravel road, No. 41, and the notice of such presentation, and the proof thereof, are, in all respects, in conformity to the statute. There is, then, no doubt of the jurisdiction of the board, or of its authority to appoint viewers and a surveyor to view the route, and report upon the practicability of the improvement.

It has been many times held by the court, and is now firmly settled, that when it appears from the record that an inferior court of special and limited jurisdiction —such as a board of commissioners—has once acquired jurisdiction of the subject-matter and parties, in the manner provided by the statute, its orders, rulings and judgments are held as invulnerable against collateral attack for error or irregularity in the proceedings, and are supported by the same presumptions of regularity, as if rendered by a court of general jurisdiction. *Argo* v. *Barthand* (1881), 80 Ind. 63; *Watson* v. *Crowsore* (1884), 93 Ind. 220; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Jackson* v. *State, ex rel.* (1886), 104 Ind. 516; *Adams* v.

*Harrington* (1888), 114 Ind. 66; *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 411; *Rhodes-Burford Furniture Co.* v. *Mattox* (1893), 135 Ind. 372.

6. Jurisdiction being apparent, we will presume here that all subsequent proceedings were regular, where the record does not show to the contrary.

7. But it is insisted by appellants that the final order of the board for the construction of the road was void because it does not state the kind, the width, and the extent of the road, as required by section five of said act. Acts 1903, p. 255.

The board's order-book entry, after reciting briefly a trial and adverse finding against remonstrators, proceeds: "The board now finds for the petitioners, and approves the report of the viewers, with the following exception: That in addition to the specifications in said report there shall be two twenty-four-inch sewer tile in grade at Turkey creek bridge." The board also finds that said improvement is of public utility, and that the cost and damages will not exceed the benefits to be derived therefrom, "and now orders said road constructed, and appoints Roley Smith as superintendent for the construction of said road," and fixes his salary and bond.

The viewers' report was spread of record in full in the gravel road record. By this it appears that the viewers having qualified, proceeded to examine, lay out, and estimate the cost of constructing the gravel road described in the order, and stating that, after a careful and actual view of all the lands within two miles of said proposed road, that they believed would be affected, they located said road, estimated the cost, and found that the construction of said road would be of public utility and convenience, and that the costs and expenses thereof and resulting damages would be less than the benefits to the lands listed by them as benefited, that there would be no damages resulting to any one, and submitted with the report a list of

the benefits to each forty acres or less of the lands in the taxing district, a description of the work proposed, the grade, drains, culverts, kind of improvement, bridges, material, commencement, route and terminus of the proposed road. Then follows what purports to be the "specifications for the improvement." This document goes into detail of the right of way, specific description of beginning, route and terminus, excavations, embankments, grading, stone arches, flag culverts, pipe culverts, gravel, corner stones, width of roadway between fences, width of grade, and width and depth of gravel and side ditches, slope of embankments and cuts, etc.

The report further stated that they found the total benefits to the lands to be affected by the construction of the road was $44,082.15, and the estimated costs and expenses $26,449.29; that they had assessed the estimated costs to the lands they deemed benefited, which estimated costs assessed to each forty acres or less amounted to sixty per cent of the total benefits assessed to the same. A complete list of the lands and assessments was also filed as a part of the report.

Every fact important to the report of the viewers and the judgment of the court was embraced within the limits of the board's judgment record and the viewers' report, both of which records were introduced in evidence by appellants. The judgment record recites that "the board approved the viewers' report, with the following exception: that in addition to the specifications of said report there shall be two twenty-four-inch sewer tile put in the grade at Turkey creek bridge," following this additional provision of its own with a finding that the work was of public utility, and would cost less than the benefits, and closing the entry with these words: "And now orders said road constructed and appoints Roley Smith as superintendent for the construction." It is apparent from the amendment made by the board, just quoted, that it was its inten-

tion to adopt the report, particularly that part descriptive of the character and extent of the improvement, as a part of its order. *Spaulding* v. *Mott* (1906), *post,* 58.

It is a matter of general knowledge to courts and lawyers that the proceedings, orders and judgments of boards of commissioners, as a rule, are not formed and extended upon record with that precision and technical accuracy that is expected of the higher courts, and, if right in substance, their form is of little consequence. *Bittinger* v. *Bell* (1879), 65 Ind. 445, 459; *Ruston* v. *Grimwood* (1868), 30 Ind. 364. Therefore, while it may be said that this judgment record is informal and irregular, it is clear that it is not void, and is therefore beyond successful assault in a proceeding like this. *Stoddard* v. *Johnson* (1881), 75 Ind. 20, 30, and cases cited; *Spaulding* v. *Mott, supra.*

The refusal of the court to permit appellants to amend the fourth paragraph of their complaint after the trial had begun was a matter within the discretion of the court and cannot be reviewed here. §397 Burns 1901, §394 R. S. 1881; *Rogers* v. *State, ex rel.* (1885), 99 Ind. 218, 226; *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213, 214; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 589.

The legal sufficiency of the special findings is not before us, because there has not been the slightest effort on the part of appellants to comply with rule twenty-two of this court. The facts found were in substance the same as those stated in the foregoing pages, and the conclusion of law thereon, that the plaintiffs take nothing by their suit, is correct.

Several days after the evidence was closed the court permitted appellees to introduce in evidence the original petition for the gravel road, its indorsement by the auditor, and the original notice of presentation, and affidavit in proof of posting thereof. The evidence

was all in writing, and the propriety and justice of its introduction at that time rested within the sound discretion of the court, which does not appear to have been abused. *Holmes* v. *Hinkle* (1878), 63 Ind. 518, 523; *Stewart* v. *Stewart* (1902), 28 Ind. App. 378.

The court did not err in refusing to allow appellants to introduce a part only of the viewers' report. The statute specifies certain things the viewers must report

12.  upon, but does not prescribe the form or phraseology of the report; and it is not permitted a party to select and introduce such parts of a written document as may advance his purpose, and withhold or exclude the remainder.

The eighth to the twenty-sixth specifications, inclusive, for a new trial relate to the execlusion of various items of evidence, all offered in support of the averments

13.  of complaint charging fraud and irregularity in the viewers' report and other proceedings before the commissioners, which we have seen is unavailable in this kind of action; hence its exclusion was proper.

The remaining reasons for a new trial relate to the competency of the original written proof of the posting of notice of the presentation of the original petition

14.  and the entry made by the board on June 1, 1903.

Both items were correctly admitted, as we have endeavored to show in a former part of this opinion. We find no available error. Judgment affirmed.