FORREY *v.* THE BOARD OF COMMISSIONERS OF MADISON COUNTY ET AL.

[No. 23,704. Filed April 1, 1920.]

1. STATUTES.—*Titles and Subjects.—Constitutionality.—County Unit Road Law.—"County" Bonds.*—The County Unit Road Law, Acts 1919, ch. 112, p. 531, is not violative of Art. 4, §19, of the Constitution because the title, in stating as a purpose the issuance of "county" bonds, indicates that the bonds are to be obligations of the county, while the body of the act shows that the bonds are to be paid by levy on a special taxing district coextensive with the boundaries of the county, since the county is the official agency of the legislature and bonds issued through it are commonly referred to as "county bonds," which term includes all bonds issued by county officials to be paid for by levy on a special taxing district created by the legislature, whether such district is coextensive with the county boundaries or not. p. 259.

2. CONSTITUTIONAL LAW. — *County Unit Road Law. — Validity. — Judicial and Administrative Powers.*—The power conferred on the board of commissioners to view and report on a proposed improvement under §8 of the County Unit Road Law, Acts 1919 p. 531,

is a judicial power; and therefore the law is not unconstitutional on the ground. that, since §9 confers judicial power on the board to hear and determine remonstrances, it confers administrative power on a judicial body; nor would the law be unconstitutional were the powers exercised by the board under §8 administrative, in view of Art. 6, §10, of the Constitution, which authorizes the legislature to confer such power on boards doing county business. p. 260.

3.   HIGHWAYS. — *County Unit Law. — Validity. — Remonstrances.*— Though the County Unit Road Law, Acts' 1919 p. 531, gives the board .of commissioners power under §8 to view a proposed improvement, while in §9 it confers on such board judicial power to hear and determine remonstrances, it is not unconstitutional on the ground that it establishes a prejudiced tribunal to try remonstrances.   p. 260.

4.   CONSTITUTIONAL LAW. — *Highways. — County Unit Law. — Due Process.*—The County Unit Road Law, Acts 1919 p. 531, is not violative of the due-process clause of the federal Constitution because it provides for a special taxing district coextensive with the boundaries of the county, since the creation by the legislature of special taxing districts in such legislation is an exercise of the sovereign power of taxation as distinguished from provisions applicable to special assessments.   p. 261.

5.   TAXATION.—*Uniform   Taxation.—County   Unit   Road   Law.— Validity.*—The County Unit Road Law, Acts 1919 p. 531, which creates special taxing districts coextensive with the boundaries of the county, is not violative of Art. 10, §1, of the Constitution, on the ground that the tax provided for improving highways is not uniform because of overlapping districts, created by other highway laws (§§61-83, Acts 1905 p. 521, §7649 *et seq.* Burns 1914; Acts 1907 p. 363, §7740 *et seq.* Burns 1914) that were excepted in the repealing clause, since the tax provided, being uniform throughout the district, complies with the uniform taxation clause of the Constitution, and does not constitute double taxation, though another highway law is operating in a subdivision of the same district.   p. 261.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Injunction by George C. Forrey against the board of commissioners of Madison county.   From a judgment for the defendants on their demurrer to the complaint, the plaintiff appeals.   *Affirmed.*

*Matson, Kane & Ross, Robert D. McCord* and *A. A. Schrieber,* for appellant.

*Carl Morrow, Smith, Remster, Hornbrook & Smith,* for appellants.

*Stuart MacKibbin* and *Louis Hammerschmidt, Amici Curae.*

TOWNSEND, C. J.—Appellant sought to enjoin the county treasurer from selling bonds, the county auditor from drawing warrants on any special funds created by such sale, and the board of county commissioners from making a levy of taxes under what is commonly known as the County Unit Road Law. Acts 1919, ch. 112, p. 531.

The complaint attacks the validity of this act under the state and federal Constitutions. Appellees' demurrer to the complaint was sustained, and judgment was rendered against appellant.

Appellant first claims that the act violates Art. 4, §19, of the state Constitution, because the title of the act provides for the issuance of "county

1.  bonds," while §16 and §43 of the act provide for a special taxing district, appellant's exact contention being that the title of the act indicates that the bonds are to be the obligations of the county, while the body of the act shows that they are to be paid by a levy on a special taxing district coextensive with the boundaries of the county.

The words "county bonds" have no such limited signification as that contended for by appellant. The common acceptation of the expression "county bonds" is broad enough to include all bonds issued by the county officials, to be paid for by a levy on a

special taxing district, whether coextensive with the county or coextensive with the boundaries of a township in a county, or any other special taxing district created by the legislature. The county is the official agency through which the legislature is acting, and all bonds issued through that official agency are commonly referred to as county bonds. They are the bonds of the county paid for by a levy upon a special taxing district.

Appellant next contends that the act violates §1, Art. 3, of the state Constitution, because §8 gives the board of county commissioners power to view the proposed improvement and make a written report covering the utility thereof, and §9 confers upon it the judicial power to hear and determine remonstrances filed. Appellant's exact claim is that this confers administrative powers upon a judicial body. If the board of county commissioners, in viewing the road and determining its utility, were acting in an administrative capacity, this would not be a violation of the Constitution, in view of the fact that §10, Art. 6, of the Constitution provides that the general assembly may confer upon boards doing county business powers of an administrative character. Of course, when the members of the board are acting as viewers under this statute and determining utility, they are acting in a judicial capacity.

2.

Appellant next contends that, if the board is acting in a judicial capacity when viewing the proposed improvement and determining its utility, then there is a prejudiced tribunal to try remonstrances; that is to say, the board in the preliminary viewing of the proposed improvement and determining its public utility disqualifies itself from acting

3.

in a judicial capacity to hear remonstrances. If this contention were to prevail, every tribunal or court that decided some preliminary matter would be precluded from acting in subsequent stages of the proceeding. Appellant cites no authority to sustain this contention. Of course, there is none, and never could be. If such a contention as this were to obtain, tribunals and courts would be disqualified at every step in the proceeding.

In appellant's next contention he confuses the law applicable to special assessments with the law applicable to special taxing districts, and from this

4. he proceeds upon the theory that he is denied due process under the fourteenth amendment to the federal Constitution. The legislature by this act creates a taxing district coextensive with the boundaries of the county, and in this it is exercising the sovereign power of taxation. Such laws are not in conflict with the fourteenth amendment to the federal Constitution. The creation of taxing districts is a matter wholly within the discretion of the legislature. If the decisions of the state and federal courts have not made plain the difference between the application of the fourteenth amendment to special assessments and its application to special taxing districts, then it is futile to further fill the books.

It is contended, because the act in question expressly excludes from the repealing clause §§61 to 83, inclusive of the act concerning highways

5. approved March 8, 1905 (Acts 1905 p. 521, §7649 *et seq.* Burns 1914) and also an act concerning the construction of free gravel roads, approved March 9, 1907 (Acts 1907 p. 363, §7740 *et seq.*

Burns 1914), that the legislature has violated §1, Art. 10, of the Constitution, in that the tax is not uniform, because there are overlapping districts of taxation. A tax complies with this provision of the Constitution if it is uniform throughout the taxing district. The fact that there is another road law operating in a subdivision of the same district does not mean that appellant is taxed twice for the same road. One road may be constructed, repaired and improved under the County Unit Road Law; and another may be constructed, repaired and improved under a law in which the township is used as a unit. This is not a violation of this provision of the Constitution. This has been repeatedly decided by the courts of this state.

The judgment of the trial court is affirmed.

Harvey, J., absent.