MARTIN ET AL. *v.* ORTHLIEB, AUDITOR ET AL.

[No. 26,480. Filed May 22, 1936.]

*J. H. Aiken, A. L. Aiken* and *Otto E. Grant,* for appellants.

*Walter Helmke, Harry H. Hilgemann, William Freuchtenicht, Guy Colerick* and *William G. Keane,* for appellees.

HUGHES, J.—This is an appeal by the appellants, as taxpayers, to enjoin the county auditor from making the tax duplicates and placing thereon taxes in excess of those provided for under the law of 1933, being Chapter 237 of the Acts of 1933, and to enjoin the county treasurer from collecting such taxes.

The complaint consisted of two paragraphs. A demurrer was sustained to each paragraph, the appellants

refused to plead further and judgment was rendered against them in favor of the defendants for costs.

Three errors relied upon for reversal are: (1) The court erred in overruling the motion of appellants to strike out from the record the written opinion of the judge of the lower court; (2 and 3) the court erred in sustaining the demurrer to the second and third paragraphs of complaint respectively.

It is alleged in the first paragraph of complaint that budgets were submitted by the officials of the different tax units of the county, township, civil city, and school city to the Allen County Tax Adjustment Board and that said board fixed a rate of two dollars and seventy-five cents; that said board attempted to declare an emergency amounting to one dollar and twenty-five ($1.25) per one hundred dollars in excess of the rate allowed by law; that an appeal was taken from the county adjustment board to the Indiana State Board of Tax Commissioners and the rate was approved, but no judgment was rendered by said board finding the existence of an emergency, and there was no legally found emergency for the increase of rates and the only legal rate was one dollar and fifty cents ($1.50) per one hundred dollars for said combined taxing units. It was further alleged that no facts existed for an emergency and that a certain sum of money could have been taken from the municipal light plant of the City of Fort Wayne without impairing the efficiency of the plant; that money which had been raised by taxes to pay for the city election in 1933 could have been used; that the city was spending large amounts of money unnecessarily to persons in the employment of different departments of the city; that the police and fire departments were being paid $53,000 more than in other cities of the same size; that the city could reduce its expense more than $100,-

000 and that the water works department could be operated so that $100,000 would be saved. It is further alleged that the city could be run on a rate of twenty cents per one hundred dollars; that the school city is extravagant in the payment of salaries to principals, deans, supervisors, and higher paid employees; that the salaries could be reduced in the amount of $150,000. It is further alleged that there is no necessity for the employment of a county agent, attendance officer, deputy health commissioner, and numerous clerks in the township assessor's office, and in the county school superintendent's office and no necessity for the operation of the Allen county farm.

It is further alleged that the school city had ordered that the school term be lengthened to nine and one-half months, which was wholly unnecessary and that by reducing the school year to eight months, schools will be more efficient and one hundred seven thousand ($107,-000) dollars can be saved in the expense thereof. That the finding of an emergency requiring a rate of $2.75 per one hundred dollars is unlawful, illegal, and void, and that the fixing of said rate constituted a fraud upon the taxpayers.

In the second paragraph it is alleged that the rate of $2.75 was in excess of the amount authorized under the Act of 1933 and that no emergency then existed for the levy of a tax in any of the taxing units in excess of $1.50 per one hundred dollars and that the excess was null and void. The appellants asked that the officers be enjoined from extending and collecting the tax in excess of $1.50 per hundred dollars and from selling any property because of refusal to pay under the rate as fixed.

Under Section 1 of Chapter 237, Acts of 1933, a limit of fifteen cents upon each one hundred dollars of taxable property for state purposes was provided. Clause 3 of Section 3 provides that:

"In territory inside of the corporate limits of incorporated cities and towns, the total rate for all purposes, including the state levy referred to in section 1 of this act, shall not exceed one dollar and fifty cents on each one hundred dollars of taxable property therein."

In Section 4 it is provided as follows:

". . . It shall be the duty of such board to examine and, if it deems such action necessary, revise, change or reduce, but not increase any tax levy and any corresponding items of the budgets on which such tax levies are based and apportion the total of all of said levies so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including the state levy referred to in section 1, shall not exceed the applicable total rate as provided in section 3 hereof; *Provided, however,* That if an emergency exists as to any municipal corporation, such board, by a vote of at least five members thereof, shall have the power to fix such tax levy for such municipal corporation as is necessary to meet such emergency though the total rate fixed as the result thereof shall exceed the applicable total rate as provided in section 3 of this act; *Provided, further,* If an emergency exists and shall be so declared by the county board of tax adjustment, such board shall set out of record their reasons for declaring such emergency, and shall state of record the nature of the emergency for which any such increased levy is made."

The appellants argue that there was no emergency found by the adjustment board to raise the rate in excess of $1.50, but in their complaint on page 18 of their brief it is specifically alleged, "That therefore the finding of an emergency requiring a rate of two dollars and seventy-five cents ($2.75) per one hundred dollars is unlawful, illegal and void." It is nowhere alleged in the complaint that an emergency was not found by the adjustment board and it is fairly implied, even without the language of the complaint above quoted, that the board did find an emergency

when the rate was fixed at $2.75. It is alleged in the complaint that there was no emergency for the increased rate and in order to show why there was no emergency the appellants allege in their complaint, among other things, that so much money could be used from the funds of the municipal light plant, by reducing the number of employees in the building department, light plant, water works plant, medical services, city engineer's office, watchmen at railroad crossings, and police and firemen; that too much is paid in salaries to principals, deans, supervisors, and other employees in the city schools; that all kindergarten schools should be abolished; that there should be no county agent, attendance officer, or deputy health commissioner; that by reducing the school year to eight months, schools will be more efficient, and one hundred and seven thousand dollars will be saved. It may be true that all these things could be done without injury to the public, but it is not for this court to say so. These are all matters for the local governmental units to determine and pass upon.

Under the Tax Act of 1933, provision was made for a county board of tax adjustment, composed of seven members. It is the duty of this board to examine all items of the budgets on which tax levies are based and to apportion the total of said levies so that the total levy shall not exceed the applicable total rate as provided in section 3 of said Act, but if at least five members of the board find that an emergency exists, they have the power to fix such tax levy for such taxing unit as is necessary to meet such emergency though the total rate fixed shall exceed the applicable total rate as provided in section 3 of the tax act. It is further provided in said act that any ten taxpayers of any municipal corporation who own property which will be subject to the rate or rates finally fixed by the county

board of tax adjustment may appeal to the State Board of Tax Commissioners and their finding and order shall be final and conclusive. In the instant case under the allegations of the first paragraph an appeal was taken to the State Tax Board and the rate as fixed by the county adjustment board was approved.

It is to be observed that in neither paragraph of the complaint is there any allegations of positive fraud and there are no facts alleged from which we can infer fraud on the part of either the county or state board.

It is to be presumed that the county board of adjustment followed the law as set out in section 4 of the Act of 1933; that they found that an emergency existed, made their declaration of that fact and set out of record their reasons for declaring such emergency and stated of record the nature of the emergency. There is nothing in the complaint to show that this was not done and the facts alleged in the complaint do not constitute fraud upon the part of the board. Such allegations that the policemen and firemen are paid $53,000 more than is paid to other policemen and firemen in cities of the same size; that the number of employees in the various departments of the city, township, and county government could be reduced; that kindergarten teachers are unnecessary; that the county agent and attendance officers are unnecessary, and that the county should not be burdened with a county farm and other allegations of a similar nature are all matters of public policy of which the courts can not take cognizance unless there is fraud, corruption, and dishonesty in connection therewith. These are all matters for the local governmental units to pass upon.

As heretofore stated it is to be presumed that the county adjustment board followed the law in that they found that an emergency existed, made their declaration

of that fact and set out of record their reasons for declaring such emergency and stated of record the nature of the emergency. *Barnum* v. *Rallhan et al.* (1916), 63 Ind. App. 349, 112 N. E. 561. The complaint failed to negative these facts and the presumption is that they are unfavorable to the appellants. *Cushman* v. *Cloverland Coal Co.* (1907), 170 Ind. 402, 84 N. E. 759.

One of the allegations of the complaint is that $300,000 could be paid from the municipal light plant and this amount could be taken from the property tax. It is provided by statute, §48-7205, Burns 1933, that any surplus remaining in such fund at the close of any year and not needed for the payment of employees, expenses, improvements, repairs to any such work or debt, may be appropriated by the common council in cities not having a board of works and in all cities having a board of public works, the common council upon recommendation of the board of public works of such city, or the trustees of any such town, to the general funds of any such city or town, but no transfer of such funds shall be made so long as a bonded debt against said works remains unpaid in whole or in part.

It is not alleged in the complaint that any such surplus is not needed for the payment of employees, expenses, improvements, and repairs and neither is it alleged that there is no bonded debt against said plant. The mere general allegation in the complaint that the income from the municipal light plant is being squandered is not sufficient to sustain the theory of the appellants that the adjustment board acted fraudulently in the fixing of the tax rates. The rule is well established that fraud can not be effectually charged by the mere use of epithets, in the absence of allegations of facts which constitute fraud. *State ex rel.* v. *Martin* (1926), 198 Ind. 516, 154 N. E. 284.

In the second paragraph of the complaint it is alleged that no emergency existed to fix the rate in excess of

$1.50. There is no allegation that the adjustment board did not declare that an emergency did exist and that they did not set out their reasons for declaring such emergency and stated of record the nature of the emergency. Neither is it shown in this paragraph that any appeal was taken from the county adjustment board to the State Board of Tax Commissioners. If the appellants were not satisfied with the action of the county adjustment board then they had the right to appeal to the State Board of Tax Commissioners and their objections heard by said board. It then becomes the duty of the state tax board to make a final order fixing and designating the items of the various budgets and levies and the finding and order of said board is final and conclusive. The tax act first provides for the county adjustment board of seven members to fix and determine the levy and then if any ten taxpayers are not satisfied with the levy as fixed by the local board, an appeal is granted to the State Board of Tax Commissioners. The finding and order of the latter board is final unless it be shown that there was fraud and corruption in fixing the rate. *Murray* v. *Zook* (1933), 205 Ind. 669, 187 N. E. 890. Fraud is not shown in either paragraph of complaint.

We find no irregularities, as set out in either paragraph of complaint, in the action of either the county adjustment board or the State Board of Tax Commissioners in fixing the levies complained of by the appellants.

The demurrer was properly sustained.

The lower court gave a written opinion on sustaining the demurrers to the complaint. The appellants filed a motion to strike the same from the record and the court overruled the same. We can not see that any harm was done the appellants and it is certainly not cause for reversal.

Judgment affirmed.